UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DONNA WRIGHT,[1]

    Plaintiff,

Civil No. 05-3106-AS

MICHAEL J. ASTRUE,[2]
Commissioner,
Social Security Administration,

    Defendant.

O R D E R

HAGGERTY, Chief Judge:

    Magistrate Judge Ashmanskas issued a Findings and Recommendation [16], which recommended that the Commissioner's Motion to Remand this action for further proceedings [11] should be denied and the Commissioner's final decision affirmed. Plaintiff filed objections to the Findings and Recommendation and the matter was then referred to this court.

---

[1] The original claimant, Cecil Wright, passed away while this case was pending. His wife, Donna Wright, was substituted in order for the case to continue.

[2] On February 12, 2007, Michael J. Astrue became Commissioner of Social Security and he should be substituted in these proceedings as such. 42 U.S.C. § 405(g); Fed. R. Civ. P. 25 (d)(1).

1    - ORDER

When a party objects to any portion of the Magistrate's Findings and Recommendation, the district court must make a *de novo* determination of that portion of the Magistrate's report. 28 U.S.C. § 636(b)(1)(B); *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981).

The objections were filed in a timely manner. The court has given this case a *de novo* review, and has also carefully evaluated the Magistrate's Findings and Recommendation, the objections, and the entire Record. The Findings and Recommendation provided a thorough analysis of the facts and circumstances regarding this litigation, and the analysis need not be repeated here. For the following reasons, objections to the Findings and Recommendation are sustained, and this case is remanded for an immediate calculation of benefits.

ANALYSIS

Plaintiff objects that the Findings and Recommendation erred in affirming the Commissioner's decision. As the Findings and Recommendation acknowledged, this action was remanded to the ALJ once previously, with instructions to: (1) evaluate new evidence from Thomas Purtzer, M.D., the claimant's treating physician; (2) evaluate lay witness testimony; (3) address whether a prior disability application by claimant should be reopened; (4) clarify the amount of weight the claimant could carry; and (5) determine whether the claimant could perform his past relevant work. Findings and Recommendation at 2; *see also* Tr. of Admin. R. (hereinafter, Tr.) at 480.

As the Findings and Recommendation acknowledged, the parties have agreed that this matter must be remanded, but disagree as to whether the remand should be for further proceedings or an award of benefits. Findings and Recommendation at 15. The Commissioner

admitted that the ALJ erred by failing to discuss Dr. Purtzer's opinion, as well as lay witness testimony from plaintiff, the claimant's wife, and moved to remand the action for additional proceedings so that this evidence could be addressed.  *Id.*; *see also* Def.'s Mem. in Supp. of Mot. to Remand at 6-7, 9.  Plaintiff argued that the action should be remanded for an award of benefits.  Pl.'s Brief at 16.  Instead of determining what type of remand is appropriate, the Findings and Recommendation concluded that the Commissioner's Motion to Remand should be denied and the Commissioner's final decision denying benefits affirmed because "the evidence clearly establishes that [the claimant] was not disabled for any consecutive twelve-month period between December 1, 1998 and March 31, 2000."  Findings and Recommendation at 20.

However, given the ALJ's admitted failure to properly address medical and lay witness evidence, this court concludes that the action must be remanded.  First, the ALJ failed to address opinions of Dr. Purtzer as instructed by the district court.  Dr. Purtzer opined that the claimant was unable to work "due to chronic pain."  Tr. at 12.  According to Dr. Purtzer, the claimant "suffered from continuous pain, muscle spasms and marked limitation of range of motion" since undergoing back surgery for the third time.  *Id.*  A lumbar myelogram and CT scan showed a moderate sized pseudomeningocele with persistent subluxation at L5-S1, a postoperative meningocele at the lumbosacral level, and a nonunion of the claimant's fusion at L5-S1.  *Id.*  Doctor Purtzer diagnosed "reflex loss and weakness in the S1 distribution, which . . . [was] most likely caused by his nonunion and his pseudomeningocele."  *Id.*

The Commissioner may not rely on the independent conclusions of the Findings and Recommendation to justify the ALJ's failure to address relevant medical evidence.  *See Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2000) ("It was error for the district court to affirm the

ALJ's credibility decision based on evidence that the ALJ did not discuss"); *Ceguerra v. Sec'y of Health & Human Servs.*, 933 F.2d 735, 738 (9th Cir. 1991) ("A reviewing court can evaluate an agency's decision only on the grounds articulated by the agency").

As the Findings and Recommendation acknowledges, the ALJ also failed to address a functional capacity evaluation that the claimant underwent at Providence Hospital in April 1995.[3] Findings and Recommendation at 15. The examiner certified that the claimant had a severe disability that would require at least twelve months of vocational rehabilitation assistance to overcome. Tr. at 331. In particular, the claimant could never bend forward and was limited to unskilled sedentary work. Tr. 318-19. If credited, these findings would establish that the claimant was disabled. *See* SSR 96-9p ("A complete inability to stoop would significantly erode the unskilled sedentary occupational base and a finding that the individual is disabled would usually apply"); SSR 85-15 (defining "stooping" as "bending the body downward and forward by bending the spine at the waiste").

Finally, the ALJ failed to address plaintiff's testimony about her husband's sitting and standing limitations, despite being instructed to do so on remand. Findings and Recommendation at 16. Plaintiff testified that the claimant "can't walk for long periods of time. He can't stand up for more than maybe ten, 15 minutes, and then he has to sit down. And he can't sit for more than five, or ten minutes, at a time. So he is up and down, continuously." Tr.

---

[3] Evidence of the claimant's condition in April 1995 is relevant to determining whether he was disabled beginning March 1994, as he alleged in his application. Tr. at 122-24, 151. The court rejects the Findings and Recommendation's suggestion that the claimant amended his alleged onset date to December 1, 1998. Findings and Recommendation at 15. This court must review findings by the ALJ, who considered whether the claimant was disabled during the period beginning "with the claimant's alleged onset date of March 31, 1994, and end[ing] with the expiration of his insured status . . . on March 31, 1999." Tr. at 457.

4         - ORDER

at 73. The ALJ's failure to consider such lay testimony was not harmless error. *See Stout v. Comm'r*, 454 F.3d 1050, 1056 (9th Cir. 2006) ("where the ALJ's error lies in a failure to properly discuss competent lay testimony favorable to the claimant, a reviewing court cannot consider the error harmless unless it can confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination"). The hypothetical given to the VE for purposes of determining the claimant's employability described an individual who could change position "about every 30 minutes." Tr. at 77. The VE acknowledged that an individual who needed to recline twenty percent of the time would be unemployable. Tr. at 81.

The United States Supreme Court has recognized two kinds of remands permitted under 42 U.S.C. § 405(g). *See Melkonyan v. Sullivan*, 501 U.S. 89, 101-03 (1991). A court may issue what is referred to as a "sentence four" remand in instances in which the Commissioner has erred in its prior consideration of the claimant's application for benefits. *Flores v. Shalala*, 49 F.3d 562, 568 (9th Cir. 1995). Under a "sentence six" remand, by contrast, the court may remand without making a determination as to the "correctness of the Secretary's decision." *Id*. (citing *Melkonyan*, 501 U.S. at 100).

Whether an action is remanded for an award of benefits or for further proceedings depends on the likely utility of additional proceedings. *Harman v. Apfel*, 211 F.3d 1172, 1179 (9th Cir. 2000). The decision whether to remand for further proceedings or for immediate payment of benefits is within the discretion of the court. *Id.* at 1178. A reviewing court should credit evidence and remand for a finding of disability and an award of benefits if: 1) the ALJ failed to provide legally sufficient reasons for rejecting the evidence; 2) there are no outstanding issues to be resolved before a determination of disability can be made; and 3) it is clear from the

5      - ORDER

record that the ALJ would be required to find the claimant disabled if the evidence in question were credited as true. *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996); *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (remand for an immediate award of benefits is appropriate if it is clear from the record that the claimant is unable to perform gainful employment in the national economy, even though the vocational expert did not address the precise work limitations established by the improperly discredited testimony).

Under these standards, remand for a finding of disability and an award of benefits is appropriate here. When the Commissioner provides inadequate reasons for rejecting the opinion of an examining physician, that opinion is generally credited as true as a matter of law. *Widmark v. Barnhart*, 454 F.3d 1063, 1069 (9th Cir. 2006) (citations omitted)*; see also Benecke*, 379 F.3d at 594. Because it is clear from the record that, accepting the improperly rejected evidence as true, the ALJ would be required to find plaintiff entitled to disability benefits, this court remands this action to the SSA to calculate and award benefits. *See Moisa v. Barnhart*, 367 F.3d 882, 887 (9th Cir. 2004).

Moreover, permitting the Commissioner an opportunity to once again amend findings to comport with the denial of disability benefits is not in the interests of justice. *See Rodriguez v. Bowen*, 876 F.2d 759, 763 (9th Cir. 1989) (if remand for further proceedings would only delay the receipt of benefits, judgment for the claimant is appropriate). Allowing a "heads we win; tails, let's play again system of disability benefits adjudication" is unfair, and "would contribute to waste and delay and would provide no incentive to the ALJ to fulfill [the] obligation to develop the record." *Benecke*, 379 F.3d at 595. The ALJ's repeated failure to properly address relevant medical evidence and lay witness testimony has substantially delayed resolution of the

claimant's application, and the claimant has since passed away.  Further proceedings would not serve the interests of justice.

CONCLUSION

Plaintiff's objections have been scrutinized, and this court has undertaken a *de novo* review of the Findings and Recommendation at issue and the Record as a whole.  Plaintiff's objections to the Findings and Recommendation [16] are sustained.  This court concludes that the record is fully developed and that further administrative proceedings would serve no useful purpose.  After giving the evidence in the record the effect required by law, the claimant was unable to engage in any substantial gainful activity by reason of his impairments, and he was disabled under the Act.  Accordingly, the Commissioner's Motion to Remand [11] is GRANTED IN PART AND DENIED IN PART as follows:  The final decision of the Commissioner is reversed, and this case is remanded to the Commissioner for the calculation and award of benefits to plaintiff.

IT IS SO ORDERED.

Dated this   13   day of March, 2007.

     /s/ Ancer L. Haggerty
     Ancer L. Haggerty
     United States District Judge